IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**JORDUTH LLC**                                                                              **PLAINTIFF**

v.                                                          **CIVIL ACTION NO.: 4:25-cv-144-JDM-JMV**

**FCCI INSURANCE COMPANY, et. al.**                                    **DEFENDANTS**

## **ORDER**

This matter is before the Court *sua sponte* to further address the concerns the court raised in its show cause order, docketed February 5, 2026, [Doc. 40] addressing Plaintiff's failure to serve Brian Bento Construction LLC. and Plaintiff's response to that order. [Doc. 45]. For the reasons explained below, I find that the Plaintiff has not established that proper service of the complaint on this Defendant has been made. However, the Court does find good cause for extending the Federal Rule of Civil Procedure 4(m) 90-day period from filing of the complaint to completing service. Plaintiff shall have a period of 30 days from the date of this order to perfect service under Federal Rule of Civil Procedure 4.

## **Background**

Plaintiff filed this action in the Circuit Court of Sunflower County, Mississippi, on June 9, 2025. According to Plaintiff's response to the Court's show cause order, on or about August 7, 2025, prior to removal of the action to this court on September 8, 2025, Plaintiff attempted service of process on Defendant pursuant to Mississippi Rule of Civil Procedure 4(c)(5) by sending the summons and complaint via certified mail, return receipt requested. The certified mailing was addressed as follows:

Brian Bento Construction, LLC
Attn: Brian Bento
4 22nd Ave NW
Center Point, Alabama 35215

A copy of the unopened envelope was returned to sender on or about August 22, 2025. It bore the following additional notations: "Refused" was handwritten on the envelope and "RETURN TO SENDER NOT DELIVERABLE AS ADDRESSED UNABLE TO FORWARD" was stamped on to the envelope.

No return was filed by Plaintiff on the state court docket. After Defendant FCCI removed the action to this Court, the Clerk of this Court noted the fact of incomplete process on January 30, 2026. On February 5, 2026, the Court entered the Order to Show Cause directing Plaintiff to show cause why it had failed to serve Brian Bento Construction LLC. [Doc. 40].

Plaintiff responded to the show cause order on February 18, 2025. [Doc. 45] In response, Plaintiff asserts it:

> attempted service in the manner authorized by Mississippi Rule of Civil Procedure 4 (certified mail, return receipt requested) and directed the process to Defendant at Defendant's business address. The mailing was not returned as undeliverable or unknown; it was returned marked 'refused,' indicating that delivery was attempted and declined. A return envelope marked 'refused,' as required by Rule 4(c)(5), denotes that the Postal Service actually attempted delivery on the defendant, who refused to accept it. *Yarbrough v. Hiti Invs. LLC*, 111 So. 3d 1270, 1275 (Miss. App. 2013). Defendant Brian Bento Construction, LLC refused service as denoted by the mark of 'Refused' on the returned envelope.

[Doc. 45].

The Court finds that Plaintiff is mistaken: first, Miss. R. Civ. P. 4 does not permit service on a foreign corporation by delivery of a complaint naming them as a Defendant at its, or one of its, physical business addresses. Rather Miss. R. Civ. P. 4(c)(5), on which Plaintiff represents he relied for a *means of service* provides:

**4(c) Service**[1]

---

[1] Miss. R. Civ. P. 4(c)(3) allows for service by mail in certain cases but was not attempted here. It reads:
**(3) Mail.**

> **(5) Certified mail service on out-of-state person.**
> **(A) Certified mail service.** In addition to service by method according to this rule, a summons may be served on an out-of-state person by sending a copy of the summons and complaint by certified mail, return receipt requested.
> **(B) Requirement if natural person.** Where the defendant is a natural person, the envelope containing the summons and complaint must be marked "restricted delivery."
> **(C) When complete.** Service by this method will be complete on the delivery date evidenced by the return receipt or returned envelope marked "refused."

In turn, Miss. R. Civ. P. 4(d)(4) governs *who* is to be served. As for a defendant that is a foreign corporation, the Rule provides:

> Upon a domestic or foreign corporation or upon a partnership or other unincorporated association which is subject to suit under a common name, by delivering a copy of the summons and of the complaint to an *officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process*. [emphasis added]

And Rule 4(f) states:

> If service is made under paragraph (c)(5) of this rule, the return shall be made by the sender's filing with the court the return receipt or the returned envelope marked "Refused." Failure to make proof of service does not affect the validity of the service.

In applying the foregoing rules and applicable case law to the circumstances of the instant case, I find as follows: There is no assertion, let alone demonstration, that the complaint sent by certified mail was attempted to be served on *an officer, managing agent, or other agent authorized by appointment or law to receive process* as specified in Rule 4(d)(4). In addition,

---

**(A) First-class mail and acknowledgment service; requirements.** A summons and complaint may be served under Rule 4(d)(1) or (d)(4) by mailing the person first class, postage prepaid:
**(i)** A copy of the summons and complaint;
**(ii)** Two copies of a notice and acknowledgment substantially conforming to Form 3 of the Appendix; and
**(iii)** A self-addressed return envelope, postage prepaid.
**(B) Service if no acknowledgment received.** If the sender does not receive an acknowledgement of service within 20 days, service may be made in a manner this rule allows.
**(C) Costs for failing to complete and return acknowledgment.** Unless good cause is shown for not completing and returning the notice and acknowledgment of receipt within 20 days, the court must order the person to pay costs for personal service.

Plaintiff's statement that the envelope was *not* returned "undeliverable" is not accurate: the envelope has a handwritten notation "refused" but, also bears a statement of the postal service reflecting it was returned because it was "not deliverable as addressed." In this regard, I note that the Mississippi Supreme Court has expressly held that a dual designation such as "refused" and "unclaimed" is not sufficient to establish that a certified mailing was refused. *Bloodgood v. Leatherwood*, 25 So. 3d 1047, 1050 (Miss. 2010). Finally, Plaintiff did not—in compliance with Rule 4—file on the docket any notice of service, successful or otherwise, leaving the Court with no information on the status of service.

Accordingly, I find service was not properly accomplished on the Defendant, Brian Bento Construction, LLC based on the current record. On the other hand, Federal Rule of Civil Procedure 4(m) permits the Court to extend the time for service for good cause, and the Court also retains discretion to grant an extension even absent good cause. This Court finds no contumacious or improper conduct on the part of the Plaintiff in this case that would give the Court reason to not extend the Plaintiff's time to serve, as Plaintiff has made a good faith, albeit improper, attempt to serve Defendant Brian Bento Construction, LLC.

For the reasons stated above, the Court finds good cause to extend Plaintiff's time to serve their complaint on Brian Bento Construction, LLC. It shall have up to and including March 27, 2026 to effectuate service of process.

SO ORDERED, this the 25th day of February, 2026

/s/ Jane M. Virden
**UNITED STATES MAGISTRATE JUDGE**